## Joseph Woosley v. John R. McMahan, Adm'r.

1. Depositions, objections to.—Only such objections as go to the form and manner of taking depositions are required to be made in writing, and notice thereof given before the trial. Objections to the

answers of witnesses made in depositions as hearsay, secondary, or irrelevant evidence, may be made when the testimony is offered.

2. PRACTICE.—The admission of improper testimony over objections properly taken is cause of reversal, unless it appears that the testimony was immaterial.

3. PRACTICE IN DISTRICT COURT.—The refusal of a court, at a former term, to sustain exceptions to imperfect pleadings is not a reason for adhering to such ruling when again urged at a subsequent term.

APPEAL from Rains. Tried below before the Hon. Z. Norton.

James Lynch sued Woosley to recover money paid by him for a note on L. Moody, payable to N. A. Birge or bearer. The petition alleged that Woosley represented the note to be for $2,500, when in fact it was only for $25; that petitioner is illiterate and cannot read, and in making the purchase of the note on Moody acted on the representations of Woosley; that Woosley guaranteed the note to the amount of $400, the amount paid therefor. As further cause of action, plaintiff set up that defendant had sold land for plaintiff, and had not accounted for the proceeds, which were set out and judgment therefor asked; and also for the proceeds of the sale of forty-six head of jacks and janets and one yoke of oxen sold by defendant for plaintiff and proceeds not accounted for.

The defendant demurred, and pleaded in set-off a note for $200 on plaintiff.

The depositions of a witness, Weaver, were read, over objections, giving a statement of Birge, the maker of the note in controversy. Birge's testimony was also taken, and Weaver's depositions were not offered to impeach Birge's testimony, which was different as to his statements as testified to by Weaver. No exceptions had been filed to the depositions of Weaver before the commencement of the trial.

It is not deemed necessary to report the voluminous pleadings criticised in the opinion of the court. Judgment was rendered for plaintiff, and Woosley appealed.

*Stephen Reaves*, for appellant.

*C. Payne*, for appellee.

GOULD, ASSOCIATE JUSTICE.—The statute under which depositions of witnesses may be taken and read in evidence makes them "subject to all legal exceptions which might be made to the interrogatories and answers were the witness personally present before the court giving evidence." (Paschal's Dig., art. 3733.) It is further provided that "no objection to the form of depositions, or to the manner of taking them in any suit, shall be heard, unless they are in writing, and notice thereof is given to the opposite counsel before the trial of the suit commences." (Paschal's Dig., art. 3742.)

It appears by bills of exception that the depositions of the witnesses Weaver and Stockton were objected to as hearsay evidence, and as secondary and irrelevant evidence, and that the court overruled the objections, on the ground that they were not made in writing before the commencement of the trial. If evidence is inadmissible because it is hearsay, or because it is secondary in its character, or because it is irrelevant, these are objections which might be taken if the witness were present before the court, and not objections going merely to the form and manner of taking the depositions. In support of the ruling of the court below, we are referred by counsel to Allen *v.* Atchison, 26 Tex., 628. That case involved a different question, viz: the mode of excepting to the answers made by a party to the suit to interrogatories propounded to him by the opposite party, as containing matter not responsive or permissible—a question arising and decided under a different statute. (Paschal's Dig., art. 3750.)

The objection to Weaver's evidence that it was hearsay, was well taken, and, as it extended to his entire testimony, his deposition should have been excluded. Without inquiring as to whether Stockton's deposition should also have been excluded, it is sufficient to say that the court erred in admitting improper evidence to go to the jury, though objected to

at the proper time and in the right mode, and that we are unable to say that the evidence admitted was immaterial. Indeed, looking to the amended petition of plaintiff and to the charge of the court, it is difficult to arrive at the issues intended to be made, or on which the case was tried. The defendant does not seem to be responsible for this, for he filed repeated and special exceptions to the amended petition, and it appears by bill of exceptions that the court refused to act on the last exception, because "a former general and special demurrer had been overruled by the court on said pleadings, at a former term of the court." The record does not otherwise show the action of the court on any of the exceptions taken. If in fact the court had overruled the exceptions to the amended petition because it was argumentative and uncertain and not a clear statement of a cause of action, it was error to do so; and the results of the error are manifest in the uncertainty as to the issues on which the jury intended to pass. The court might well have entertained the special exceptions, to which its attention was called, although in fact other exceptions had been before overruled.

It has not been deemed necessary to consider the minor error assigned. Because the court erred in admitting improper testimony, the judgment is reversed and the cause remanded.

Reversed and remanded.