MONK, Judge, et al. v. CROOKER.
(No. 7605.)

(Court of Civil Appeals of Texas.   Galveston.
Nov. 14, 1918.)

1. MANDAMUS ☞151(2)—NECESSARY PARTIES
—MUNICIPALITIES.

The city was not a necessary party in mandamus by district attorney to compel judge and clerk of corporation court to permit petitioner to prosecute all criminal cases, and to tax costs in such cases in his favor, although city ordinances attempting to deny him such right were involved.

2. STATUTES ☞279—PLEADING—NECESSITY.

In mandamus by district attorney to compel the judge and clerk of a city court to permit plaintiff in the future to prosecute all criminal cases in such court, and to require the clerk to tax fees in the future in plaintiff's favor, but not to recover any fees, it was not necessary to specifically plead in the petition the state statutes giving him such right.

3. PLEADING ☞403(2)—OMISSIONS—CURE BY
ANSWER.

In mandamus against city officer, wherein the right sought was based on city ordinances, the officer could not complain of an order overruling a plea in abatement on the ground that plaintiff did not specially plead the ordinances, where the officer specially pleaded such ordinances in his answer.

4. MANDAMUS ☞187(4) — APPEAL—MATTERS
REVIEWABLE—SAVING OBJECTIONS.

In mandamus a party who did not object to the court's deciding the case on the evidence before it, and did not offer any further evidence, cannot complain that there should have been a further hearing on the facts, if the facts before the court were sufficient to sustain the judgment.

5. MANDAMUS ☞164(3)—DENIALS AND FAIL-
URE TO DENY.

In mandamus by district attorney to compel judge and clerk of the city court to permit him to prosecute all criminal cases in such court, where the judge specially denied an allegation in the petition that he refused to permit the plaintiff to prosecute cases in his court, but did not deny an allegation in a verified supplemental petition that he purposely set cases so that plaintiff or his assistants could not be present, the district court was authorized, in the absence of other evidence, to find that the judge refused to recognize plaintiff's right.

6. MANDAMUS ☞187(9)—APPEAL—HARMLESS
ERROR.

If the facts in mandamus did not show that defendant had denied plaintiff a right commanded by the judgment to be accorded him, the defendant was not prejudiced thereby, where the writ was properly granted upon other grounds.

7. DISTRICT AND PROSECUTING ATTORNEYS ☞
5(1)—COMPENSATION—FEES.

An ordinance of the town of Magnolia Park, in Harris county, fixing the fees of the city at-

torney in criminal cases to be taxed against the defendant, but providing that no fees should be taxed unless the city attorney prosecuted in person, will not be construed as forbidding fees to be taxed in favor of the district attorney of such county, allowed him under Vernon's Sayles' Ann. Civ. St. 1914, arts. 345a, 345b; Code Cr. Proc. 1911, arts. 1177, 1179, 1180.

8. DISTRICT AND PROSECUTING ATTORNEYS ☞
5(1)—FEES—CITY COURTS.

Although a city in Harris county could, under Code Cr. Proc. 1911, art. 1177, provide that no fees should be allowed attorneys prosecuting criminal cases in the city court, it could not fix a fee to be taxed in cases prosecuted by the city attorney, and then deny the district attorney of the county a right to fees, in view of Vernon's Sayles' Ann. Civ. St. 1914, arts. 345a, 345b; Code Cr. Proc. 1911, arts. 1179, 1180.

9. CRIMINAL LAW ☞252(1) — MUNICIPAL
COURTS—NOTICE OF COMPLAINT.

The judge of a municipal court need not notify the district attorney of the filing of criminal complaints in his court.

10. DISTRICT AND PROSECUTING ATTORNEYS
☞7(1)—DISQUALIFICATION OF DISTRICT AT-
TORNEY—CITY ATTORNEY.

A city attorney in Harris county may prosecute cases in the city court under state law, where the district attorney is disqualified or refuses to act, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 345a.

Error from District Court, Harris County; William Masterson, Judge.

Mandamus by John H. Crooker, Criminal District Attorney for Harris County, to compel W. E. Monk, Judge, and O. M. Smith, Clerk, of the Corporation Court of Magnolia Park, to permit plaintiff to prosecute all cases in such court, and to tax fees in his favor. From a judgment in favor of plaintiff, defendants bring error. Reformed and affirmed.

A. C. Van Velzer and John B. York, both of Houston, for plaintiffs in error.

John H. Crooker, H. H. Cooper, T. J. Harris, Ewing Boyd, L. M. Williamson, and Frank Williford, Jr., all of Houston, for defendant in error.

PLEASANTS, C. J.   This is a suit for mandamus brought by John H. Crooker, criminal district attorney for Harris county, against W. E. Monk, judge, and O. M. Smith, clerk, of the corporation court of Magnolia Park, an incorporated town in Harris county.

Plaintiff's petition alleges, in substance, that by the acts of the Legislature creating the office of criminal district attorney it was provided that the district attorney and his assistants should have the exclusive right to prosecute criminal cases in all the courts of Harris county, and to receive the fees provided by law therefor; that the said corporation court of Magnolia Park was a court au-

thorized by law to try criminal cases and has been for more than two years; that the fee prescribed by law for criminal cases in said court was $5 for all pleas of guilty, and $10 for all convictions on pleas of not guilty, and that defendants refused to permit plaintiff to appear in said court and prosecute said cases therein, and have refused, and now refuse, to tax fees provided by law for convictions therein in favor of plaintiff. It is further alleged that plaintiff was at all times ready to perform the duties of such prosecutor in said court, by himself and through his assistants. The prayer of the petition is for a writ of mandamus compelling the said Monk to permit plaintiff to prosecute all cases in said court, and requiring the said Smith to tax the fees provided by law. This petition was verified by the oath of the plaintiff.

To this petition the defendants filed a plea in abatement on the ground that the corporation of Magnolia Park was a necessary party to the suit. They also presented several exceptions to the petition, one of which was to "so much of said petition as alleges the right in plaintiff to collect fees from the defendants, or by or through defendants, or from said municipality, because same are mere conclusions of the pleader, and are vague and indefinite, and do not set up any charter, ordinance, or statute, or other fact upon which said conclusions depend."

The plea in abatement and all exceptions to the petition were overruled by the trial court.

The answer of the defendants, which was sworn to, specifically denied that the law gave none other than the district attorney the right to prosecute criminal cases in said court, or gave him the right to prosecute all criminal cases in said court. It further denied the allegations of the petition that the district attorney had the right to receive the fees for prosecutions in said court, and that the defendant Monk had refused to permit the district attorney or his assistants to prosecute in said court, and that defendant Smith has refused to tax fees allowed by law to plaintiff. It is further alleged that the ordinance of such city covers many designated subjects enumerated therein, and provided for fines for infractions thereof, not covered by the state law, and that there is no provision of law for the taxation of a fee for the district attorney, and that the plaintiff had never begun a prosecution before such court, and that plaintiff was so inaccessible to such court as to practically deny the aid of counsel thereto. Further allegation, that the ordinances of the city prevent and prohibit the taxing or collecting of a fee for plaintiff, was made; that the defendant Smith taxes fees as provided by ordinances, and under the direction of the defendant Monk, and if said Monk directed him to do so, and said ordinances permitted him to do so, he would tax fees for plaintiff.

Plaintiff filed a supplemental petition on the 19th day of May, 1917, in which he alleged that the ordinances pleaded by defendants had all been passed since the filing of his petition, and alleged that the defendants purposely set the cases in said court without any opportunity for plaintiff or his assistants to be present, and that defendants knew plaintiff was always ready and willing to appear and prosecute said causes, and that such conduct and acts were purposely done to prevent plaintiff and his assistants from being present and conducting the trial of cases in said court, and that such conduct amounted to a practical denial of plaintiff's rights. This supplemental petition was sworn to, and was not in any manner denied by defendants. This cause had been passed from April 5th, from time to time, at the request of the defendants, until the 19th day of May, when their pleading was first filed, and was tried on that date on said pleading, together with exhibits attached to defendants' answer, and the admission in court by the plaintiff that he did not claim the right to prosecute matters covered by ordinances of the city of Magnolia Park which did not involve an infraction of the penal laws of the state of Texas, and defendants' admission that they did not deny the right of plaintiff and his assistants to appear and control the prosecution of offenses against the state laws or of local ordinances which were covered by or in violation of the state law; and thereupon the court entered its judgment in favor of plaintiff, awarding him a writ of mandamus requiring the defendant Monk, as judge of the municipal court of Magnolia Park to permit the plaintiff, as criminal district attorney of Harris county, Tex., and his assistants in office, to exclusively control, manage, and conduct the prosecutions as prosecuting attorney in all cases of prosecutions for violations of the state laws of Texas, and for violation of the ordinances of said municipality in all cases where said ordinances cover or involve offenses which are penal under the state law, and requiring the defendant Smith to tax as costs in each case of such prosecutions such fee for the said criminal district attorney as he is entitled to according to law, as prayed for in plaintiff's petition herein.

Appellants' first assignment predicates error upon the refusal of the court to sustain the plea in abatement.

[1] We cannot agree with appellants' contention that the corporation of Magnolia Park was a necessary party to this suit. It is true that the ordinance pleaded by defendants, which was passed by the city council of Magnolia Park, attempted to prevent the district attorney from prosecuting cases in the corporation court by providing that in cases not prosecuted by the city attorney the fees provided by the ordinances for the prosecuting attorney should not be taxed

against the defendants, and that the interpretation and validity of this ordinance are the main issues in this suit; but no judgment is sought against the city, and it certainly is not the law that in every suit against an officer of a city or town in his official capacity, in which the construction or validity of an ordinance of the city or town is involved, that such corporation is a necessary party to the suit, and we are cited to no case which so holds. In the case of Howth v. Greer, 40 Tex. Civ. App. 552, 90 S. W. 211, which was a suit by the county attorney of Jefferson county against the recorder, city attorney, city marshal, and city secretary of the city of Beaumont for mandamus to compel said officers to permit the count attorney to prosecute state cases in the recorder's court of the city, and to collect and pay over to plaintiff the fees provided by ordinance for the prosecuting attorney in such cases, the city of Beaumont was made a party defendant. The question of whether the city was a necessary, or even a proper, party to the suit was not raised, and was not passed upon or considered by the court in disposing of the appeal.

[2, 3] The second assignment of error complains of the ruling of the court in refusing to sustain defendants' exceptions to the allegations of the petition that plaintiff had the right under the law to a fee of $5 for each conviction on a plea of guilty, and $10 in each conviction on a plea of not guilty, because such allegations "are conclusions of the pleader, and are vague and indefinite, and do not set up as a fact any charter, ordinance, or statute or other fact upon which said conclusions depend."

We do not think the trial court erred in overruling this exception. Plaintiff is not seeking in this suit to recover any fees, and therefore he was not required to plead facts which would entitle him to such recovery. In so far as his right to prosecute cases in the corporation court, and to have fees taxed in prosecutions which he may hereafter conduct in said court, is conferred by the statute law of the state, he was not required to specially plead such statute. In so far as the rights claimed by him were conferred by the ordinances of the corporation of Magnolia Park, his failure to specially plead such ordinances was supplied by defendants, who specially pleaded all of the ordinances upon the subject, and made certified copies thereof, attached as exhibits, a part of their answer.

[4-6] The third assignment, by which appellants complain of the judgment on the ground that evidence was heard upon the issues of fact raised by the pleadings and the mandamus was granted as prayed for, without any trial on the fact issues raised by the pleadings, is without merit. The judgment recites that the case was heard upon the pleadings and the exhibits attached thereto and the admissions of the parties. No exception was taken by the defendants to the court's deciding the case upon the evidence before it, and no further evidence was offered by the defendants. If the facts before the court are sufficient to sustain the judgment, appellants' complaint, made after the judgment was rendered, that there should have been a further hearing on the facts, will not be heard when, without objection, they permitted the case to be decided upon the pleading and the evidence before the court. The only fact put in issue by the pleadings and evidence which formed any basis for the judgment rendered was whether the defendant Monk had refused to permit appellee to prosecute state cases in the corporation court. Monk expressly denied this allegation of the petition. In answer to this denial appellee pleaded under oath that, while Monk had not expressly refused to allow him to prosecute such cases, he had in effect done so by arranging the docket of the court and calling the cases for trial at a time when it was impossible for appellee or any of his assistants to be present. This sworn statement of appellee was not denied. We think the trial court was authorized, upon this state of the evidence, to find that defendant Monk had refused to recognize plaintiff's right to conduct the prosecution of state cases in the corporation court. If this holding is not sound, and the mandamus granted should not have commanded Monk to accord appellee a right which had not been denied him, the mandamus having been properly granted upon other grounds, the inclusion of this command in the judgment cannot possibly injure appellant Monk. The cases of Teat v. McGaughey, 85 Tex. 486, 22 S. W. 302, De Poyster v. Baker, 89 Tex. 155, 34 S. W. 106, and Clark v. Terrell, 98 Tex. 15, 81 S. W. 4, which hold that in an original mandamus proceeding in the Supreme Court a mandamus will be denied if an issue of fact is presented, have no application to this suit.

The defendant Smith admitted in his answer that he had refused, and still refuses, to tax any fees for appellee in state cases prosecuted by appellee in the corporation court, and defended his action solely upon the ground that by the ordinances of the corporation of Magnolia Park he was forbidden to tax such fees. These ordinances were specially pleaded by him, and, as before stated, were attached to his answer as exhibits, and submitted to the court as evidence upon the trial of the case.

This brings us to the discussion of the main questions in the case, viz., the construction of the ordinances, and whether or not the corporation was authorized by ordinances to prohibit the taxing of fees allowed by law for the district attorney in state cases prosecuted by him in the corporation court.

Article 345a, Vernon's Sayles' Civil Statutes, which creates the office of criminal dis-

trict attorney of Harris county, contains the following provisions:

"And he shall have exclusive control of all criminal cases wherever pending, or in whatever court in Harris county that now has jurisdiction of criminal cases, as well as any or all courts that may be hereafter created and given jurisdiction of any criminal cases, and he shall collect the fees therefor provided by law. He shall also have control of any and all cases heard on habeas corpus before any civil district court of Harris county, as well as before the criminal court of said county. The criminal district attorney of Harris county shall have and exercise, in addition to the specific powers given and duties imposed upon him by this act, all such powers, duties and privileges within said criminal district of Harris county as are by law now conferred or which may hereafter be conferred upon district and county attorneys in the various counties and judicial districts of this state. It is further provided that he and his assistants shall have the exclusive right, and it shall be their sole duty to perform the duties provided for in this act, except in cases of the absence from the county of the criminal district attorney and his assistants, or their inability or refusal to act; and no other person shall have the power to perform the duties provided in this act, or to represent the state in any case in Harris county, except in case of the absence from Harris county, or the disability or refusal to act, of the criminal district attorney and his assistants."

Article 345b of said Statutes makes the following provision, among others, for the payment of fees to said district attorney:

"The criminal district attorney shall also receive such fees in misdemeanor cases, to be paid by the defendant and by the county, as is now provided by law for district and county attorneys, and he shall also receive such compensation for other services rendered by him as is now, or may hereafter be, authorized by law to be paid to other district and county attorneys in this state."

Article 1177 of the Revised Criminal Statutes of 1911 (Code Cr. Proc.) provides that the attorney who represents the state in a criminal action in a justice's, mayor's, or recorder's court shall for each conviction receive a fee of $10, unless otherwise provided by the ordinances of any incorporated city or town.

Article 1179 of said Statutes provides that, where a conviction is had upon a plea of guilty before a justice, mayor, or recorder, the attorney representing the state shall be allowed a fee of $5.

Article 1180 provides that no fee shall be allowed the attorney unless he is present representing the state on the trial, or has taken some action therein for the state, or is present and ready to represent the state, provided, when pleas of guilty are entertained and accepted in the justice court at some time other than a regular term of the court, a fee of $5 shall be allowed the county attorney.

[7] One of the ordinances pleaded by the defendant Smith fixes fees for the city attorney for prosecuting criminal cases in the corporation court at $10 upon conviction upon a plea of not guilty, and $5 upon conviction on a plea of guilty, to be taxed as costs against the defendant, and provides that, in case the city attorney does not prosecute in person, no fee shall be allowed, taxed, or collected from the defendant. We think the provision of this ordinance forbidding the taxing of fees where the city attorney does not prosecute can only be properly construed to apply to the taxing and collection of fees for the city attorney, and it was not intended by the ordinances to forbid the taxing of fees allowed by law to the district attorney in cases in the corporation court which the law makes it his duty to prosecute.

Another of the ordinances pleaded is as follows:

"Be it ordained by the city council of the city of Magnolia Park, that where by ordinance it is the duty of an official of said city to do any act or perform any service for or in the name or on behalf of said city, and compensation is provided therefor to such official as fees or otherwise, in case such official fails or refuses to perform such duty or act therein, and some other person, whether he be official of said city or of the district or state, or otherwise, acts therein or performs the duty or service of the official of said city, such other shall not be entitled to compensation therefor, and no fee or costs shall be taxed therein in his behalf."

[8] This ordinance by express terms denies any compensation to any state or county officer who performs any service on behalf of the city which by any ordinance it is made the duty of a city officer to perform. Under the provisions of these ordinances, appellants contend that the appellee is not entitled to have the fees allowed him by law for prosecuting state cases in the corporation court taxed as costs against the defendant in the case. If this was the purpose of the city council in passing the above-mentioned ordinance, and they are so construed, we do not think they are valid. The city council had authority by ordinance to provide for different fees for prosecuting attorneys in the corporation court than those fixed by the statute, and if the council saw fit they might have provided that no fees should be taxed against defendants in cases prosecuted in the corporation court. But having fixed fees in such cases, just as they are fixed in the statute, we do not think they were authorized to provide that such fees could only be taxed when the cases were prosecuted by the city attorney, and must be remitted when the county attorney in the performance of his duty has conducted the prosecution of the case.

**[9, 10]** This conclusion requires an affirmance of the judgment of the court below in the main. In other assignments presented by appellants, complaint is made of that portion of the judgment commanding the defendant Monk to notify appellee of the filing of complaints in the corporation court. We think the objection to this part of the judgment, on the ground that it is not made the duty of the judge by any statute or ordinance to give such notice, is valid and must be sustained. Another objection to the judgment is that it forbids the city attorney from prosecuting cases covered by the state law when the district attorney is disqualified or refuses to prosecute. If the judgment can be so construed it is manifestly erroneous in this particular. We think the judgment should be reformed in the respects last mentioned, and as so reformed should be affirmed, and it has been so ordered.

Reformed and affirmed.

