## CITY OF MAGNOLIA PARK v. CROOKER.
### (No. 934.)

(Court of Civil Appeals of Texas. Beaumont. April 19, 1923. Rehearing Denied June 6, 1923.)

1. **Action** ⬅️47, 50(4)—**Complaint against city and officers for recovery of fees not bad for misjoinder of parties, nor of claims for debt and tort.**

In an action against a city and its officers for fees alleged to have been earned as district attorney in prosecuting cases in the recorder's court of defendant city, the complaint alleging wrongful acts of defendant officers in preventing plaintiff from receiving certain fees, and in so changing the records as to make it impossible to determine the fees to which he was entitled, was not bad for misjoinder of parties and of causes of action for debt and for tort.

2. **District and prosecuting attorneys** ⬅️5(6)—**In actions to recover attorney fees evidence held to sustain finding for plaintiff.**

In an action against a city for fees earned by plaintiff as district attorney in prosecuting cases in the recorder's court of defendant city and wrongfully paid into the city treasury, evidence *held* to sustain findings for plaintiff.

3. **Trial** ⬅️260(1)—**Refusal of requested special charge not error where covered by general charge.**

The refusal to give a requested special charge is not error where sufficiently covered by the general charge.

4. **Depositions** ⬅️109—**Objections to portions of answers not required to be in writing and noticed.**

Under Rev. St. art. 3676, where the objections to a deposition did not go to the manner and form of taking, but were merely to portions of certain several answers as irrelevant, immaterial, hearsay, and secondary, and not the best evidence, such objections were not required to be made in writing and notice given to opposing counsel, and there was no error in

excluding the objectionable parts without such written objections and notice.

**5. Appeal and error ⬳926(4) — Ruling presumed correct where bills of exception to exclusion of evidence failed to show grounds.**

Where bills of exception to the exclusion of evidence failed to show the objections or ground upon which the evidence was excluded every presumption in favor of the court's ruling must be indulged.

**6. Appeal and error ⬳1051(3) — Appellant cannot complain of erroneous admission of evidence where similar evidence not objected to.**

Appellant cannot complain of the erroneous admission of evidence where the same facts were admitted by the court on statement of appellant's counsel that he had no objections to urge thereto, and such facts are uncontroverted.

**7. Trial ⬳255(4) — Appellant not requesting limitation of evidence to codefendants against whom properly admissible cannot urge error.**

Where evidence is properly admissible against one of several defendants and the other defendants made no request that such evidence be limited in its effect only to the defendant against whom it was properly admissible, and did not request that the jury be charged not to consider same as against them, they cannot be heard to complain of its reception.

Appeal from District Court, Harris County; J. D. Harvey, Judge.

Suit by John H. Crooker against City of Magnolia Park and others. Judgment for plaintiff and the defendant named appeals. Affirmed.

B. L. Palmer, of Houston, for appellant.
John H. Crooker, of Houston, for appellee.

O'QUINN, J. This suit was filed by John H. Crooker, appellee, against the city of Magnolia Park, a municipal corporation in Harris county, and Frank R. Baldinger, and O. M. Smith, officials of said city, for the purpose of collecting fees alleged by Crooker to have been earned by him as district attorney, in prosecuting cases in the recorder's court of said city. Crooker alleged, in substance, that defendants Baldinger and Smith collected fees due him in each case, but in carrying out a fraudulent scheme and conspiracy formed between them to prevent him from receiving and collecting said fees, so kept the records of said recorder's court, and so altered and changed same, that it was impossible to determine what fees had been collected which, under the law, belonged to him, and what had been paid into the treasury of said city by said Baldinger and Smith. He further alleged that he had no knowledge thereof, and did not acquire knowledge of fees so paid into the treasury of said city until on or about the ——— day of ———, 1919. The case was tried before a jury upon special

issues, and verdict rendered that he take nothing as against Baldinger and Smith, but that he recover against the city of Magnolia Park the sum of $1,440. Motion for new trial having been overruled, the city of Magnolia Park has brought this appeal.

This litigation has been varied and long drawn out. It appears that there was opposition to Crooker, who was criminal district attorney for Harris county, prosecuting cases in the recorder's court of appellant, and that he brought mandamus proceedings against the mayor and clerk of said city to compel them to permit him to prosecute cases in said court, and to tax the regular and lawful fees in his favor in cases where he so prosecuted. The mandamus was awarded, and the case was appealed to the Court of Civil Appeals at Galveston, and there affirmed. See 207 S. W. 194. Later, the fees not having been taxed in obedience to the judgment requiring same to be done, Crooker had Smith cited in contempt to show cause why said fees had not been taxed, and after a hearing on said charge it was adjudged by the court that Smith should make and file in said cause a true and correct statement of all the criminal cases on the docket of the corporation court of the city of Magnolia Park involving violations of the penal laws of the state and showing the proper fee taxed in favor of Crooker, and that said statement be filed within ten days, and that should Smith fail and refuse to comply with said order and judgment within said time, then that he appear at said date and show cause why he should not be adjudged in contempt. Smith appeared and filed an additional answer in the proceedings, but offered no further evidence, and, having failed to observe the judgments theretofore entered, was adjudged guilty of contempt, and an order for his commitment to jail was issued. Smith thereupon sued out a writ of habeas corpus in the Supreme Court, which resulted in his being remanded to the custody of the sheriff of Harris county. See 110 Tex. 55, 214 S. W. 320. In order to purge himself of contempt, Smith made and filed a list of cases showing the fees taxed as required by the previous judgments. Then followed this suit by Crooker to collect his fees.

[1] Appellant's first proposition complains that there was a misjoinder of causes of action and of parties; that appellee had combined a suit for debt and for tort. The proposition is without merit. Moody v. Smoot, 78 Tex. 125, 14 S. W. 285; Milliken v. Callahan Co., 69 Tex. 205, 6 S. W. 681; Oppermann v. Petry (Tex. Civ. App.) 115 S. W. 300.

[2] By its second and third propositions, appellant urges that the verdict of the jury in response to special issues Nos. 1 and 3, wherein they found (1) that the city council of the city of Magnolia Park, appellant, did

not enact a certain ordinance claimed by appellant to have been passed; and (2) that appellee did not know on or prior to April 6, 1918, nor could he, by the exercise of ordinary care, have known that appellant was denying his claim to the fees in controversy, is not supported by the evidence. We think there is ample evidence to support the findings.

By its fourth, fifth, sixth, seventh, and eighth propositions, appellant complains that appellee was guilty of various acts of misconduct in the trial of the case, and that the same were prejudicial to the rights of appellant. Appellant's bills of exception, upon which these complaints are based, are each qualified by the court, and, as qualified, show no error.

[3] Appellant's ninth proposition complains of the court's refusal to give a requested special charge relative to special issue No. 3 submitted by the court. We do not think there is any error shown. The court's charge, we think, was sufficient, and substantially covered the ground sought to be covered by the requested instruction.

[4] Appellant's tenth and eleventh propositions assert error on the part of the court in sustaining objections to portions of the answers to certain depositions, admitting a portion and excluding a portion of several answers. Appellant insists that as the depositions had been taken and filed in the cause for more than two terms of the court before trial, and as no objections in writing thereto had been filed and notice given to opposing counsel before the trial began, the objections should have been overruled and the whole of the answers admitted. The objections did not go to the manner and form of taking, and hence did not have to be made in writing and notice given to opposing counsel. Article 3676, R. S.; Woosley v. McMahan, 46 Tex. 62–64; Lott v. King, 79 Tex. 292, 15 S. W. 231. Appellant's bills of exception to the action of the court in excluding a portion of some of the answers in said deposition do not show upon what ground the rulings complained of were made.

[5] Where bills of exception to the exclusion of evidence fail to show the objection or grounds upon which the evidence was excluded, every presumption in favor of the correctness of the court's ruling must be indulged. Railway Co. v. Gage, 63 Tex. 568; Steamship Co. v. Athletic Association, 2 Tex. Civ. App. 490, 21 S. W. 1007. Furthermore, the objections to the depositions excluded were that they were irrelevant, immaterial, hearsay and secondary, and not the best evidence, and therefore, it was proper to make such objections at the time the evidence was offered on the trial. Article 3676, R. S.; Woosley v. McMahan, 46 Tex. 62–64; Lott v. King, 79 Tex. 292, 15 S. W. 231.

[6] Appellant's twelfth proposition complains of the admissibility of certain evidence against appellant. This proposition is based upon appellant's bill of exception No. 5, which was allowed by the court with the following qualification:

"Defendant's bill of exception No. 5, as above set forth, is allowed and approved, with the explanation and qualification that while the court, upon the trial, thought the evidence was admissible, and still holds to that view, still, even if the objection thereto set forth in the foregoing bill should have been sustained and said evidence stricken out, other evidence of the same facts stated in said affidavit was admitted by the court upon statement of defendant's counsel that he had no objections to urge thereto, and such facts are uncontroverted, as shown by the statement of facts filed herein."

Under the court's qualification of the bill, no error is shown.

[7] By its thirteenth proposition, appellant complains that the court erred in permitting appellee to introduce in evidence certain of the records of the court in the mandamus and contempt proceedings in the suit between appellee and Monk and Smith, officers of appellant, on the ground that the city of Magnolia Park was not a party to said proceedings, and that, in the instant case, there was no cause of action stated against Smith, and because the records in the mandamus case could not affect appellant here, being irrelevant and immaterial. Appellant's bill of exceptions to the action of the court admitting the records in evidence was allowed by the court with the following qualification:

"Defendant's bill of exceptions No. 8, as above set forth, is allowed and approved, with the explanation and qualification that the only objection made by the defendant's attorney to said evidence was on behalf of defendant Baldinger and the defendant city of Magnolia Park, such objection being based upon the statement that they had not been parties to the prior suit. No such objection was made as to the defendant O. M. Smith, nor, indeed, could such objection have been made, for the reason that the defendant O. M. Smith was a party to each of said suits. No request was made to limit the jury's consideration of the testimony to the defendant Smith, and under all of the circumstances and surroundings of the case, in the court's opinion, no possible harm could have been done, or was done, to any one of the defendants by admitting such evidence."

We do not believe that any error is shown. The evidence being admissible against one of the defendants, and the other defendants not requesting that such evidence be limited to affect only the defendant against whom it was properly admissible, and did not request that the jury be charged not to consider same as against them, they cannot be heard to complain of its admission. Steger v. Greer (Tex. Civ. App.) 228 S. W. 304.

The judgment of the court below should be affirmed, and it is so ordered.

Affirmed.