## Ex Parte O. M. Smith.

No. 3319.  Decided June 28, 1919.)

(214 S. W., 320.)

**1.—Habeas Corpus—Commitment for Contempt.**

On *habeas corpus* when relator is held under a commitment for contempt, he must show such commitment to be void. If the Court had jurisdiction, its judgment cannot be reviewed in such proceeding. Ex parte

Tinsley, 37 Texas Crim., 517; Ex parte Siebold, 100 U. S., 375; ·Ex parte· Testard, 101 Texas, 254; followed. (P. 58.)

#### 2.—Mandamus—Writ.

The Court, in order to punish for contempt the disobedience of its order for mandamus, is not required to issue the writ or have service thereof. It is sufficient that the party had notice of the judgment against him. Bradley v. McCrabb, Dallam, 510;· Ex parte Young and Levine, 103 Texas, 473; followed. (P. 59.)

Original application by Smith to the Supreme Court, for writ of *habeas corpus.*

*A. C. Van Velzor,* for relator.——In order to support an attachment in contempt actual service of the writ disobeyed must be shown. Whipple v. Hutchison, No. 17517, Fed. Cases; County Commissioners v. Sellew, 99 U. S., 624, 25 L. Ed., 333; · State v. King, 29 Kan., 607; State v. Mineral Point, 22 Wis., 379; State v. Elkinton, 30 N. J. L., 337; Downs v. Rock Island Co., No. 4047 Fed.· Cases; Village of Glencoe v. People, 78 Ill., 386.

If the impossibility to perform relates to inability to do the acts commanded, because they are beyond the lawful authority of the respondent, the command is nugatory and the respondent cannot · be attacked for disobeying the mandate. 26 Cyc., 497.; United States v. Green, 53 Fed., 769; Evans v. Pittsburg, No. 4568 Fed. Cases; Kane v. Haywood, 66 N. C., 1; Ex parte·Rowland, 104 U. S., 604, 26 L. Ed. 861.

Upon the hearing of an application for discharge under a writ of *habeas corpus,* in a contempt case, the verified answer to the writ or to the order must be taken as true as to its allegations of facts unless it is denied. In the following cases the decisions are not under local statutes but under the general rule; Ex parte Ireland, 38 Texas, 351, 358; Ex parte Rowland, 104 U. S., 604, 26' L. Ed. 861, 865. At common law the answer cannot be controverted; in equity it may be, but if not controverted it is admitted, and if it shows no contempt the relator is entitled to his discharge. In re Pittman, No. 11184 Fed. Cases; Fishback v. State, 30 N. E., 1088, 131 Ind., 304; Haskett v. State, 51 Ind., 176; Shirk v. Cox, 40 N. E., 750, 141 Ind., 301; Murdock's case, 20 Am. Dec., (Md.), 381; State v. Vincent, 46 Kan., 618, 26 Pac., 939; Darby v. Wesleyan College, 72 Ga., 212; Lightfoot v. Freeman, 54 Ga., 216; Early v. People, 117 Ill. App., 608; United States v. Dodge, No. 14975 Fed. Cases; Dinsmore v. Travelers, etc., 14 N. Y. Supp., 676; Oster v. People, 192 Ill., 473, 56 L. R. A., 462.

A special district judge is not qualified to try a case unless he takes the constitutional oath. Texas Const. Art. XVI, sec. 1; Arts. 1673, 1676, 1677 Rev.·St.; State v. Weatherford, 28 S. W., 814; Summerlin v. State, 153 S. W., 890.

A special district judge has no power to change the venue but must dispose of the case in the district where it is pending. Snow v. State, 11 Texas Cr., 99; Perry v. State, 14 Texas Cr., 167. The district court in which the judgment was rendered has exclusive jurisdiction over a proceeding to enforce the judgment by contempt process. Arts. 1708 and 1999, Rev. St.; Rapalje on Contempt, sect. 13, citing many cases.

Mr. Justice GREENWOOD delivered the opinion of the court.

In this case an original writ of *habeas corpus* was granted, on the petition of the applicant, O. M. Smith, alleging that he is illegally detained in the custody of the sheriff of Harris County, under a commitment on a judgment of the District Court of the 61st Judicial District of Texas, adjudging applicant guilty of contempt for failing and refusing to perform a previous judgment of that Court as well as a prior judgment of the District Court of the 55th Judicial District.

It appears that on May 19, 1917, John H. Crooker, after a hearing at which all parties appeared, recovered a judgment in the District Court of 55th Judicial District of Texas, awarding him a peremptory writ of mandamus directed to the applicant O. M. Smith, as Clerk of the Corporation Court of the City of Mangolia Park, in Harris County, Texas, requiring him to tax as costs, in each case of a prosecution in said Court for a violation of a penal law of Texas or for a violation of an ordinance involving an offense made penal by state law, a fee in favor of John H. Crooker, as Criminal District Attorney of Harris County, of $5 on each conviction on a plea of guilty and of $10 on each conviction on a plea of not guilty.

It further appears that the Court of Civil Appeals of the First Supreme Judicial District of Texas, on writ of error, affirmed the foregoing judgment in favor of John H. Crooker and against the applicant on Nov. 14, 1918. Monk v. Crooker, 207 S. W., 194.

On December 28, 1918, John H. Crooker filed an affidavit in the District Court of the 55th Judicial District of Texas, averring that the applicant had been at all times and still was clerk of said Corporation Court and yet had wholly failed and refused to perform the judgment awarding said writ of mandamus, and had failed and refused to tax or collect the fees required by the judgment. The disqualification of the district judge having been regularly certified, the Governor directed the Hon. Henry J. Dannenbaum, Judge of the 61st Judicial District of Texas, to exchange with said disqualified judge and try the cause, and thereafter the same was transferred to the District Court of the 61st Judicial District, by an order made by Judge Dannenbaum, as expressly authorized by section 6 of the Act of February 16, 1903.

After the said O. M. Smith had been duly cited and had appeared and answered, the District Court of the 61st Judicial District of

Texas, on April 9, 1919, having heard evidence and argument of counsel, adjudged that O. M. Smith do make, prepare and file in said cause a true and correct statement of all criminal cases on the docket of the Corporation Court of the City of Magnolia Park, involving violations of the penal laws of the State, and showing the prcper fee taxed in favor of John H. Crooker, and that said statement be filed within ten days, and that should the said O. M. Smith fail and refuse to comply with said judgment on or before April 20, 1919, then that he appear at 10 o'clock on that date and show cause why he should not be adjudged in contempt.

On May 26, 1919, the said Smith having appeared and filed an additional answer but offering no evidence save that heard on April 9, 1919, the court, being of the opinion that no excuse had been shown for his failure to observe the judgments previously entered, adjudged that the said O. M. Smith was guilty of contempt and commitment was ordered to issue to the sheriff of Harris County, commanding him to take and keep the said Smith in his custody in the county jail until such time as he should have purged himself of his contemptuous conduct, or until such time as the court might order his discharge.

Since the applicant has wholly failed to show that the judgment committing him into the sheriff's custody is void, he cannot have same reviewed in this proceeding. Ex Parte Tinsley, 37 Texas Crim., 517, 66 Am. St. 818, 40 S. W., 306; Ex Parte Siebold, 100 U. S., 375, 25 L. Ed., 717.

The transfer of the cause to the 61st Judicial District was authorized by the statute and was not open to collateral attack.

There can be no doubt about the jurisdiction over both subject-matter and parties in the suit, wherein the judgment was entered and affirmed, granting the peremptory mandamus, and it appears to be a fact that the applicant has refused to obey the judgment without substantial excuse.

Since the applicant does not contend that the District Court adjudged him guilty without hearing any evidence and since he has not brought before us all the evidence introduced at the hearing, he is clearly not entitled to have us consider his complaints with respect to the refusal of the court to sustain his defenses. As said in the opinion of Judge Williams in Ex Parte Testard, 101 Texas, 254, 106 S. W., 320: "This is not an appeal from the judgment of the District Court, but an application for the release of the relator, which can be sustained only by making it appear that the judgment is void. An attack based upon the charge that a hearing was denied, or that a conviction was adjudged without any evidence, necessarily depends for its success upon what was done in the trial court and must be supported by a showing of all that occurred there. No attempt at such a showing has been made and we must presume that there was a hearing, that opportunity to

adduce evidence was allowed, and that there was evidence tending to support the conclusion of the court expressed in the judgment. The judgment, therefore, is valid against collateral attack, and no amount of evidence offered before this court, tending to show that the relator was in fact innocent of the charge, can now avail him. The question of his guilt or innocence was for the trial court, and was concluded by its judgment pronounced after a hearing.''

We cannot sustain the contention that the court possessed no power to punish applicant for disobedience of the judgment awarding the mandamus because no writ had been actually served upon him, it appearing that he had failed and refused to obey the judgment, with full knowledge of its terms.

In Bradley v. McCrabb, Dallam, 510, it was held that service of an alternative writ of mandamus would have been ''an idle and troublesome ceremony, without any conceivable advantage,'' on a clerk who had recorded an order directing him to show cause why the mandamus should not issue.

No good reason occurs to us for prescribing a different rule in mandamus cases from that governing injunction cases, where it is settled that actual service of a writ is unimportant, where the party violating the injunction has full knowledge of the order granting it. Ex Parte Young and Levine, 103 Texas, 473, 129 S. W., 599.

The conclusion that the order of the District Court was valid requires that the applicant be remanded to the custody of the sheriff of Harris County and it is so ordered.