NO. 07-11-00122-CV; 07-11-00334-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

OCTOBER 28, 2011

_____

R. WAYNE JOHNSON, APPELLANT

v.

KATHLEEN CLARK AND
MARJORIE JENKINS, APPELLEES

_____

FROM THE 242ND DISTRICT COURT OF SWISHER COUNTY;

NO. B-11685-11-01; HONORABLE EDWARD LEE SELF, JUDGE

_____

IN RE R. WAYNE JOHNSON, RELATOR

_____

Before CAMPBELL and HANCOCK, JJ. and BOYD, S.J.[1]


**MEMORANDUM OPINION**

Appellant R. Wayne Johnson, appearing *pro se*, appeals from the trial court's order dismissing his lawsuit, finding him in contempt of court and imposing a $500 fine. We affirm the order in part, and in part dismiss the appeal for want of jurisdiction.

_____

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

Johnson also has filed a petition for writ of mandamus challenging the contempt order against him. We will conditionally grant his petition.

Background

The trial court dismissed Johnson's civil suit pursuant to Chapter 11 of the Civil Practices and Remedies Code. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.101 *et seq.* (West 2010). Johnson has been declared a vexatious litigant and the 156th District Court of Bee County entered a prefiling order requiring that he obtain permission of a local administrative judge before filing new litigation in a Texas court. *See In re R. Wayne Johnson,* No. 07-09-0035-CV, 2009 Tex.App. LEXIS 6831, at *4-5 (Tex.App.— Amarillo August 27, 2009) (orig. proceeding) (per curiam, mem. op.). The trial court's dismissal order found Johnson had not obtained permission from the local administrative judge to file his petition. *See* Tex. Civ. Prac. & Rem. Code Ann. § 11.103(a) (West 2010) (clerk may not file suit of vexatious litigant subject to prefiling order unless litigant obtains order from local administrative judge permitting filing).

The trial court also found Johnson in violation of a court order, issued by a district court of Harris County, requiring that he pay sanctions in the amount of $300 to the Texas Attorney General's Office as a prerequisite to filing suit. The court found him in contempt and imposed a $500 fine.

Johnson filed notice of appeal from the trial court's order, and later filed a petition for writ of mandamus also challenging the trial court's order.

Analysis

Direct Appeal

We apply an abuse of discretion standard to review of the trial court's dismissal, under Chapter 11, of Johnson's suit. *Scott v. Tex. Dep't of Crim. Justice-Institutional Div.*, No. 13-07-00718-CV, 2008 Tex.App. LEXIS 8941, at *5 (Tex.App.-- Corpus Christi Nov. 20, 2008, no pet.) (mem. op.). A trial court abuses its discretion if it acts in an arbitrary or unreasonable manner or without reference to guiding rules or principles. *Garcia v. Martinez*, 988 S.W.2d 219, 222 (Tex. 1999).

Johnson argues the initial order declaring him a vexatious litigant is void because the Texas Attorney General participated in defending the Bee County suit without statutory authority. The argument has no merit. *See Johnson v. Tex. Dep't of Crim. Justice,* No. 07-08-00478-CV, 2010 Tex.App. Lexis 9891 (Tex.App.—Amarillo Dec. 14, 2010, no pet.) (mem. op.); *In re R. Wayne Johnson,* No. 07-07-0431-CV, 2009 Tex.App. LEXIS 5795 (Tex.App.--Amarillo July 27, 2009) (orig. proceeding) (rejecting same argument).

We lack jurisdiction to consider Johnson's complaints concerning the order finding him in contempt and imposing a fine. Courts of appeal generally do not have jurisdiction to review contempt orders[2] by way of direct appeal. *Texas Animal Health Comm'n v. Nunley,* 647 S.W.2d 951, 952 (Tex. 1983); *In re A.M.,* 974 S.W.2d 857, 861

---

[2] The Texas Supreme Court has broadly defined contempt as "disobedience to or disrespect of a court by acting in opposition to its authority," *Ex parte Chambers*, 898 S.W.2d 257, 259 (Tex. 1995) (orig. proceeding), and observed that contempt is a broad and inherent power of a court, *see Ex parte Browne*, 543 S.W.2d 82, 86 (Tex. 1976) (orig. proceeding).

(Tex.App.--San Antonio 1998, no pet.); *Metzger v. Sebek*, 892 S.W.2d 20, 54 (Tex.App.--Houston [1st Dist.] 1994, writ denied). This is true even when the contempt order is appealed along with an appealable judgment. *In re Gonzalez*, 993 S.W.2d 147, 157 (Tex.App.--San Antonio 1999, no pet.); *Metzger*, 892 S.W.2d at 54. Contempt orders are reviewable by original proceedings. If a contempt order does not involve confinement, it is reviewable by petition for writ of mandamus; if it involves confinement, it is reviewable by petition for writ of habeas corpus. *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding) (per curiam).

Petition for Writ of Mandamus

Johnson filed a petition for writ of mandamus on August 19, 2011, while this appeal involving the same issues was pending. In its order dismissing Johnson's civil suit, the trial court found Johnson did not obtain permission from a local administrative judge before filing the suit, in violation of prefiling orders requiring that he do so. The court also found Johnson "is in violation of a court order requiring that he pay sanctions in the amount of $300.00 to the Texas Attorney General's Office as a prerequisite to filing. Thus, for all of the above reasons, it is FURTHER ORDERED that plaintiff is held in CONTEMPT OF COURT pursuant to Tex. Civ. Prac. & Rem. Code § 11.101(b) and shall be subject to the following penalty: $500.00 fine."

Johnson's mandamus petition requests we direct the trial court, the Honorable Edward Self, to rescind the order of contempt because Judge Self abused his discretion

4

by holding Johnson in constructive, rather than direct, contempt without notice and a hearing.[3]  We agree with Johnson's contention.[4]

Contemptuous conduct is direct contempt of court if it occurs within the presence of the court and constructive contempt if it occurs outside the court's presence. *Ex parte Gordon*, 584 S.W.2d 686, 688 (Tex. 1979) (orig. proceeding). To constitute direct contempt of court, "the court must have direct knowledge of the facts which constitute contempt." *In re Bell*, 894 S.W.2d 119, 127 (Tex. Spec. Ct. Rev. 1995). Because the contemptuous actions have occurred in the presence of the court and the judge has personal knowledge of the events, direct contempt may be punished in a summary proceeding without additional notice to the contemnor or a hearing. *Ex parte Daniels*, 722 S.W.2d 707, 709 (Tex.Crim.App. 1987). But due process entitles a constructive contemnor to notice and a hearing, to give the opportunity for defense or explanation of the charges. *See Ex parte Gordon*, 584 S.W.2d at 688; *Ex parte Werblud*, 536 S.W.2d 542, 546 (Tex. 1976) (observing that constructive contempt entitles the contemnor to more procedural safeguards than those afforded direct contemnors); *see also Ex parte*

---

[3] Johnson also argues the trial court lacked jurisdiction over his civil suit because he filed it in a county other than its mandatory venue.  *See* Tex. Civ. Prac. & Rem. Code Ann. § 15.019 (West 2010) (mandatory venue for inmate litigation).  Johnson is mistaken; the trial court had jurisdiction.  *See Johnson v. Cornelius,* No. 07-11-00091-CV, 2011 Tex.App. LEXIS 7762 (Tex.App.—Amarillo Sept. 28, 2011, no pet.) (mem. op.).

[4] The office of the Attorney General of Texas represents appellees Clark and Jenkins, and filed a brief on their behalf in Johnson's appeal of the trial court's order.  Although the Attorney General elected not to file a response to Johnson's mandamus petition, its appellees' brief addressed the merits of Johnson's contentions regarding the contempt finding.  The arguments we have attributed to the Attorney General in our discussion of Johnson's mandamus petition are those asserted in its appellees' brief.

5

*Krupps*, 712 S.W.2d 144, 147 (Tex.Crim.App. 1986) (explaining that constructive contempt adjudications satisfy due process if the contemnor is given notice, a hearing, and the opportunity to obtain an attorney).  Due process requires that full and unambiguous notice of an accusation of contempt be served on the alleged contemnor in a motion for contempt, show cause order, or equivalent legal process stating how, when, and by what means the party has been guilty of the alleged contempt. *Ex parte Chambers*, 898 S.W.2d at 262.  Absent such notification, a contempt order for constructive contempt is a nullity. *Ex parte Blanchard*, 736 S.W.2d 642, 643 (Tex. 1987).

The violation of a court order generally is described as constructive, not direct, contempt.  *See, e.g., Ex parte Chambers,* 898 S.W.2d at 259 (contempt alleged, violation of written court order outside presence of court, was constructive contempt); *Ex parte Gordon*, 584 S.W.2d at 688 (giving as example of constructive contempt "the failure or refusal to comply with a valid court order").

Relying on the holding of *Ex parte Aldridge,* 334 S.W.2d 161 (Tex. 1959), that the phrase "in the presence of the court" may extend beyond the judge's immediate presence, the Attorney General argues Johnson's filing his civil suit in the 242nd District Court without seeking local administrative judge approval and without paying $300 to the Attorney General gave Judge Self, the presiding judge of that court, "direct knowledge of the facts" supporting the finding of contempt.  We cannot agree.  Another of the cases the Attorney General cites, *Ex parte Powell*, 883 S.W.2d 775 (Tex.App.—Beaumont 1994, no writ), dealt with a contemnor who filed false documents with a court.  Based on *Ex parte Ratliff*, 3 S.W.2d 406 (Tex. 1928), the court in *Ex parte Powell*

determined the contemptuous conduct was constructive in nature. *Ex parte Powell,* 883 S.W.2d at 777.

We recognize that Judge Self punished Johnson for contempt not because his civil suit pleadings were false but because he filed them without seeking local administrative judge permission or paying the Attorney General the $300 ordered by the Harris County district court. However, even if a litigant's conduct of filing a pleading by mail with the district clerk could be considered conduct occurring "in the presence of the court," a conclusion we need not reach,[5] we are unable to see how Judge Self can be said to have had "direct knowledge" of Johnson's contemptuous actions. The clerk's record before us contradicts the notion that Judge Self had such direct knowledge. The record in Johnson's direct appeal contains the "Notice that Plaintiff is Vexatious and Motion for Sanctions" filed in the civil suit by the Attorney General. Appended to that pleading are copies of the 2006 judgment dismissing a suit Johnson filed in Harris County and of a 2009 order issued in another Harris County suit Johnson filed. Both those documents make reference to a 2004 order of the 133rd District Court of Harris County, sanctioning Johnson $300 and ordering that he not file any lawsuit in Texas without first producing a signed release showing that he has paid the $300 to the Attorney General. Referring to the $300 sanction and another $100 sanction imposed against Johnson in 2010, the Attorney General advised the court in this present suit, "This Office has no indication that Mr. Johnson satisfied either of these sanctions, nor

---

[5] In other contexts we have held that showing a paper was filed with a district clerk is not sufficient to show that the trial judge was aware of its contents. *In re Chavez*, 62 S.W.3d 225, 228 (Tex.App.—Amarillo 2001)(orig. proceeding).

7

does Mr. Johnson allege in his petition that he paid those fines or that he obtained leave from a judge to proceed with this suit as required by the vexatious litigant statute." That the Attorney General, by its notice, made the court aware it "ha[d] no indication" Johnson had paid the sanctions did not give Judge Self "direct knowledge" of the facts asserted in the Attorney General's notice.[6]

It might be said that Judge Self would have direct knowledge that Johnson did not seek the permission of the local administrative judge, if Judge Self was the local administrative judge. But Swisher County is served by two district courts, the 242nd District Court and the 64th District Court. Tex. Gov't Code Ann. §§ 24.166; 24.419 (West 2011). The record does not show which of the two judges was serving as administrative judge when Johnson filed his suit, and we have no basis on which to take judicial notice of that fact. *See* Tex. R. Jud. Admin. 9 (West 2011) (providing for selection of local administrative judge).

The facts that Johnson filed his civil suit in Swisher County without paying the sanctions required by the Harris County order and without seeking local administrative judge permission, asserted in the Attorney General's motion and found by the trial court to support its contempt finding, were perhaps easily proven. But, on this record, establishing their existence required proof. "Constructive contempt refers to acts which

---

[6] The Attorney General correctly notes section 11.101(b) of the Civil Practice and Remedies Code subjects a person who disobeys an order under section 11.101(a) to contempt of court. Tex. Civ. Prac. & Rem. Code Ann. § 11.101(b) (West 2010). The statute, however, does not address whether such contempt is direct or constructive.

require testimony or the production of evidence to establish their existence." *Ex parte Daniels*, 722 S.W.2d at 709.

Johnson's contemptuous conduct was constructive contempt of court, not direct. Because the record demonstrates the contempt order was issued without notice or hearing, it is void. *Ex parte Blanchard*, 736 S.W.2d at 643.

As noted, mandamus is the proper mechanism to review a contempt order that does not impose incarceration as a punishment. *In re Long*, 984 S.W.2d at 625; *In re Garza*, 126 S.W.3d 268, 270 (Tex.App.--San Antonio 2003) (orig. proceeding). Mandamus relief may be afforded where the trial court's order is void, *In re Acceptance Ins. Co.,* 33 S.W.3d 443, 448 (Tex.App.—Fort Worth 2000) (orig. proceeding), or to correct an abuse of discretion in imposing sanctions without notice or meaningful hearing in violation of due process. *See In re Bennett*, 960 S.W.2d 35, 40 (Tex. 1997) (court of appeals abused its discretion by issuing mandamus directing trial court to vacate sanctions order where sanctioned counsel afforded due process by notice of trial court's intent to consider sanctions and opportunity to respond).

Accordingly, we will conditionally grant Johnson's petition for writ of mandamus seeking relief from the void contempt finding and fine.

## Conclusion

The trial court's order dismissing Johnson's suit is affirmed, and his appeal of the contempt order is dismissed for want of jurisdiction. Johnson's petition for writ of mandamus directing the trial court to vacate its finding of contempt and imposition of a

9

$500 fine is conditionally granted.  The writ will issue only if the trial court does not vacate its contempt finding and fine.[7]

James T. Campbell
Justice

---

[7] On September 8, 2011, Johnson filed a motion entitled in part "Motion to Adhere to Code [of] Judicial Conduct."  It does not seek relief beyond that already addressed in this opinion.  The motion is dismissed as moot.