# In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

### NO. 09-23-00170-CV
_____

### IN RE DANNY BURKETT

**Original Proceeding**
**253rd District Court of Liberty County, Texas**
**Trial Cause No. CV1611135**

### MEMORANDUM OPINION

In a petition for a writ of mandamus, Danny Burkett challenges the trial court's authority to revoke a probation order and order Burkett to serve a sentence on a judgment for criminal contempt. We stayed a scheduled hearing on a motion to revoke Burkett's probated sentence and obtained a response from the Real Parties in Interest, Jessie Favors and Deana Miller. We conditionally grant mandamus relief.

## Background

In 2017, in a property dispute, the trial court granted permanent injunctive relief to Jessie Favors and Deana Miller, ruled Favors and Miller were entitled to a non-exclusive ingress and egress easement, and enjoined Danny Burkett from impeding access to the easement. *See Burkett v. Favors*, No. 09-18-00046-CV, 2018 WL 5986424, at *2 (Tex. App.—Beaumont Nov. 15, 2018, pet. denied) (mem. op.). "In addition, the trial court ordered 'that gates shall be placed on each end of the non-exclusive easement and … the gates will be closed each time after Danny Burkett enters or leaves the easement.'" *Id*. Burkett appealed the judgment, which this Court affirmed. *Id.* at 3.

On September 2, 2021, the trial court signed its Order on Fifth Amended Motion for Enforcement and Contempt. The trial court adjudged Danny Burkett to be in contempt of court for 551 separate violations of the 2017 judgment for deliberately failing to close and lock the entrance to the gate on 551 different dates, from July 18, 2018 to August 29, 2021. The trial court ordered Burkett to serve one day in jail for each violation for a total of 551 days. The trial court ordered Burkett to serve 30 consecutive days beginning September 3, 2021, in the Liberty County Jail, "and the remaining sentence will be probated as long as Danny Burkett follows this order." The trial court awarded Favors and Miller $1,100 "as damages" and $11,426.78 in "attorney fees", "all to bear interest of 5% per annum until paid." The

2

trial court ordered Burkett to appear at the Liberty County Jail on Friday, September 3, 2021, to begin his sentence. The trial court's order provided that the remaining 521 days "will be probated" as long as Danny Burkett complies with the order as follows:

> The parties announced on record that they agreed to the following:
> 1. The parties agree that Deana Miller, Jessie Favors, and Danny Burkett will close and lock the gate with a chain and lock each time they go through whether entering or leaving the property.
> 2. Danny Burkett will be responsible for supplying his guest with a key to unlock and lock the gate.
> 3. Danny Burkett will be responsible for each of his guest that enter or leave through the gate for closing and locking the gate.
> "IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the Plaintiff[s'] Motion to Enter Rule 11 Agreement is hereby GRANTED.
> SIGNED on October 13, 2020.
> IT IS FURTHER ORDERED that gates shall be placed on each end of the non-exclusive easement and that the gates will be closed each time after Danny Burkett enters or leaves the easement."

In August 2022, the trial court held a hearing on a Motion to Enforce and Request for Contempt. The trial court found that Burkett continued to violate the terms and conditions of the September 2021 contempt judgment, ordered that Burkett be confined in the Liberty County Jail for one day for each of the violations 31-180, which totals 150 days in county jail and provided the time would be served by spending 75 consecutive weekends in jail. The trial court ordered the sentence to begin on September 2, 2022, and end when Burkett "has served 150 total days for violations 31-180. The court shall continue to probate violations 181-551."

3

On April 4, 2023, Favors and Miller filed a Motion for Revocation of Probated Sentence. They alleged Burkett "failed to complete the probated jail sentence[,]" having served only 14 days, and asked that Burkett be held in contempt for each separate violation for failing to appear at the Liberty County Jail on 20 different weekends. In addition, they asked the trial court to revoke the probated sentence and order Burkett to serve the remaining 537 days in the Liberty County Jail.

Analysis

In his mandamus petition, Burkett contends the trial court abused its discretion in September 2021: (1) when it sentenced Burkett to 551 days in jail without affording Burkett the right to a jury trial; (2) when it awarded Favors and Miller damages, attorneys fees and interest in the contempt order; and (3) when it ordered an infinite probation period. Burkett argues he has no adequate remedy at law because contempt orders are not appealable.

Favors and Miller argue habeas corpus provides the exclusive method to challenge a contempt judgment. Generally, a petition for writ of habeas corpus is the only method for attacking an order of contempt. *In re Reece*, 341 S.W.3d 360, 370 (Tex. 2011) (orig. proceeding). However, "[c]ontempt orders that do not involve confinement cannot be reviewed by writ of habeas corpus, and the only possible relief is a writ of mandamus." *In re Long*, 984 S.W.2d 623, 625 (Tex. 1999) (orig. proceeding).

4

This case lies within a gray area of the type of cases reviewable by mandamus. A habeas applicant must present proof of confinement. *See* Tex. R. App. P. 52.3(k)(1)(D). Burkett cannot produce a certificate of confinement to support a habeas petition because he is not in custody. The mandamus record does not include an outstanding capias and Burkett is not presently subject to a commitment order because the trial court ordered Burkett to be released from jail. A motion to revoke probation has been filed, however, placing Burkett at risk of an imminent loss of liberty. A court may exercise mandamus jurisdiction when the relator is at liberty under a probation order but is not presently subject to a tangible restraint of liberty. *See In re Johnston*, No. 07-22-00177-CV, 2022 WL 17821583, at *1 (Tex. App.—Amarillo Dec. 20, 2022, orig. proceeding) (mem. op.). Based on this record, we reject Favor's and Miller's argument that Burkett may only complain about the trial court's order by filing a request for habeas relief.

Here, Burkett challenges the validity of a contempt order signed in September 2021. Given the substantial amount of time that has elapsed since the trial court signed the order Burkett challenges, we must determine whether we should summarily deny the mandamus petition under the doctrine of laches. *See Rivercenter Assocs. v. Rivera*, 858 S.W.2d 366, 367 (Tex. 1993) (orig. proceeding).

A trial court's contempt power does not depend on statutory authority, as trial courts have an inherent power to hold a party in contempt as an essential element of

5

exercising their judicial independence and authority. *Ex parte Browne*, 543 S.W.2d 82, 86 (Tex. 1976). "Although mandamus is not an equitable remedy, its issuance is largely controlled by equitable principles." *Id*. A court may deny mandamus relief where the record reveals no justification for the relator's delay in bringing a mandamus petition. *Id*. However, courts generally decline to apply equitable doctrines such as laches when the mandamus petition challenges a void order. *In re Valliance Bank*, 422 S.W.3d 722, 728 (Tex. App.—Fort Worth 2012, orig. proceeding). Accordingly, we will consider whether the September 2021 contempt order is void, as Burkett contends.

The trial court sentenced Burkett to 551 days in jail, even though the trial court then probated Burkett's sentence. The sentence the trial court assessed exceeds the maximum permissible sentence available for contempt. *See* Tex. Gov't Code Ann. § 21.002(b) ("The punishment for contempt of a court other than a justice court or municipal court is a fine of not more than $500 or confinement in the county jail for not more than six months, or both such a fine and confinement in jail.").

A charge for which confinement may exceed six months is a serious charge of criminal contempt on which the alleged contemnor has a constitutional right to a jury trial. *Ex parte Sproull*, 815 S.W.2d 250, 250 (Tex.1991) (orig. proceeding). When the contemnor is sentenced to confinement for no more than six months for each of several acts, the punishment is serious if the sentences must be served

6

consecutively and add up to more than six months. *In re Hammond*, 155 S.W.3d 222, 226 (Tex. App.—El Paso 2004, orig. proceeding). A contempt order is void if it is beyond the power of the court to enter it, or if it deprives the relator of liberty without due process of law. *In re Levingston*, 996 S.W.2d 936, 937-38 (Tex. App.—Houston [14th Dist.] 1999, orig. proceeding). The appellate court will not presume that the contemnor waived his right to a jury trial from a silent record. *Sproull*, 815 S.W.2d at 250. Here, the mandamus record does not show that the trial court informed Burkett of his right to a jury trial or that Burkett affirmatively waived that right. Burkett neither received a jury trial nor affirmatively waived that right. Consequently, we conclude the trial court's September 2021 order is void.

Favors and Miller argue the 551-day sentence is permissible under section 21.002(h)(2) of the Government Code, which provides that a person may not be confined for contempt of court longer than the lesser of 18 months or the period from the date the person complies with the court order that was the basis of the finding of civil contempt. *See* Tex. Gov't Code Ann § 21.002(h)(2). However, the trial court's contempt judgment orders Burkett confined for a definite period for violating the terms of a permanent injunction. *See In re Reece*, 341 S.W.3d at 365 (civil contempt is remedial and coercive in nature and the contemnor carries the keys to the jail cell, while criminal contempt is punitive in nature and the contemnor is being punished for some completed act which affronted the dignity and authority of the court). We

7

conclude the September 2021 order is a judgment of criminal contempt, not civil contempt.

"An appellate court should issue a writ of mandamus only if the contempt judgment is void, and not if it is merely voidable." *In re Johnston*, 2022 WL 17821583, at *2. A contempt judgment is void if it is beyond power of the court or violates due process. *In re Office of the Att'y Gen.*, 422 S.W.3d 623, 628 (Tex. 2013) (orig. proceeding). "Punishment assessed for criminal contempt beyond 180 days is considered 'serious' and may not be assessed unless there was a jury trial or a jury waiver." *In re Baker*, 99 S.W.3d 230, 232 (Tex. App.—Eastland 2003, orig. proceeding). A contempt order that violates the contemnor's constitutional right to trial by jury is void. *Ex parte Casillas*, 25 S.W.3d 296, 299 (Tex. App.—San Antonio 2000, orig. proceeding).

## Conclusion

We conclude the trial court clearly abused its discretion by signing a void order and that the relator lacks an adequate remedy by appeal. We conditionally grant mandamus relief. We are confident that the trial court will vacate its September 2, 2021 Order on Fifth Amended Motion for Enforcement and Contempt and its

August 31, 2022 Order of Revocation and Sentence.[1] The writ of mandamus shall issue only if the trial court fails to comply.

PETITION CONDITIONALLY GRANTED.

PER CURIAM

Submitted on June 15, 2023
Opinion Delivered August 24, 2023

Before Horton, Johnson and Wright, JJ.

---

[1] We caution all parties that the permanent injunction is still in force and remind the parties that any violations of the permanent injunction may be enforced through contempt proceedings in the trial court that comply with due process.